**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5043**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

CHRISTOPHER LYNN LORD,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Jr., District Judge.  (1:07-cr-00274-1)

Submitted:  July 20, 2010            Decided:  August 19, 2010

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Donald Cowan, Jr., Heather H. Wright, ELLIS & WINTERS, LLP, Greensboro, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lynn Lord pled guilty, pursuant to a written plea agreement, to one count of using interstate commerce to attempt to persuade, induce, entice, or coerce a minor to engage in illegal sexual activity,[*] in violation of 18 U.S.C. § 2422(b) (2006). The district court calculated Lord's Guidelines range at 235 to 293 months' imprisonment, see U.S. Sentencing Guidelines Manual (2006), and sentenced Lord to 235 months' imprisonment and twenty-five years' supervised release. Lord timely appealed. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raises two sentencing issues. Lord has filed a pro se supplemental brief raising several sentencing challenges and a challenge to his conviction. We affirm.

Counsel questions whether the district court erred in denying Lord's request for a variant sentence below the Guidelines range. However, a district court's refusal to depart from the applicable Guidelines range does not provide a basis for appeal under 18 U.S.C. § 3742(a) (2006), "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). After review of the

---

[*] Specifically, the indictment alleged that the sexual activity would violate N.C. Gen. Stat. § 14-202.1 (2009), which prohibits taking indecent liberties with a minor.

record, we find no evidence that the district court failed to understand its authority to impose a below-Guidelines sentence. Accordingly, this claim is not cognizable on appeal.

Turning to the sentence imposed, we review it "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v.

3

<u>Hernandez</u>, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." <u>Gall</u>, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. <u>United States v. Abu Ali</u>, 528 F.3d 210, 261 (4th Cir. 2008).

Lord challenges the district court's calculation of the base offense level on the basis that the presentence report ("PSR"), which the district court adopted, improperly found him to be a repeat and dangerous sex offender against minors, <u>see</u> USSG § 4B1.5. Lord, however, has not offered any evidence to the contrary or specifically explained why the PSR is inaccurate or unreliable. His mere disagreement with the PSR's assessment of his behavior, particularly on appeal for the first time, is, without more, insufficient to put the PSR's findings into dispute. <u>See</u> <u>United States v. Terry</u>, 916 F.2d 157, 162 (4th Cir. 1990). Because Lord failed to make the required affirmative showing that the PSR was inaccurate or unreliable, the district court was "free to adopt [its] findings . . . without more specific inquiry or explanation."

Id. (internal quotation marks omitted).  We accordingly affirm the district court's calculation of Lord's base offense level.

Additionally, we conclude that the district court did not otherwise commit reversible procedural error in imposing sentence.  The court correctly calculated the advisory Guidelines range and heard argument from counsel and allocution from Lord.  The court considered the § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of the offense, Lord's history and characteristics, and the need to protect the public from further crimes by Lord.  Further, neither counsel nor Lord offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 235 months' imprisonment is substantively reasonable.

Next, counsel questions whether the district court erred in not ordering the 235-month imprisonment term to run concurrently to the prison term Lord was then serving for a violation of his state probation.  However, as the prison term Lord was serving at the time of sentencing for the subject federal conviction pertained to an unrelated state conviction, the district court was free to impose a concurrent, partially concurrent, or consecutive sentence on Lord.  See USSG § 5G1.3(c), p.s.

In his pro se brief, Lord contends that the district court erred by failing to consider USSG § 5G1.3(c), p.s., when it ordered the 235-month prison term to run consecutive to, rather than concurrent with, his undischarged state prison term. Although we ordinarily review legal questions concerning the application of the Sentencing Guidelines de novo, see United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010), where a defendant argues on appeal that the district court erred in its consideration of USSG § 5G1.3 p.s., but did not invoke the Guideline or argue that he was entitled to a concurrent sentence in the district court, we review only for plain error, United States v. Rouse, 362 F.3d 256, 260 (4th Cir. 2004). Lord has not demonstrated error under either standard of review. Although the district court did not specifically mention USSG § 5G1.3(c), p.s., at the sentencing hearing, the provision was cited in the PSR, and it is clear from the record that the district court considered the PSR as well as the arguments by counsel for and against a concurrent sentence. Accordingly, we can fairly infer that the district court considered USSG § 5G1.3(c), p.s., and Lord has not shown any error. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("A [district] court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully

6

presented for determination. Consideration is implicit in the court's ultimate ruling.").

Lord also raises a pro se challenge to the court's imposition of a special condition of his term of supervised release providing that he not "view, purchase, possess, or control any sexually explicit materials including, but not limited to[,] pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use." Because Lord did not object to the special condition at the time of sentencing, we review only for plain error. See United States v. Rodriguez-Rodriguez, 441 F.3d 767, 772 (9th Cir. 2006). After review of the record, we conclude that the condition is reasonable, given Lord's background and the need for the district court to protect the public. Lord thus fails to show plain error.

Turning to Lord's conviction, because he did not move in the district court to withdraw his guilty plea, the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Lord's guilty plea. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis

and that Lord entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, no plain error occurred in the conduct of the plea proceeding. Finally, we reject as unsupported by the record Lord's claim that he is actually innocent of the offense to which he pled guilty because the Government failed to show that the activity he attempted to induce was sexual activity.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Lord, in writing, of the right to petition the Supreme Court of the United States for further review. If Lord requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lord. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8